*750
 
 EDWIN A. LOMBARD, Judge.
 

 |,The defendant, Vorris A. White, Jr., appealing his conviction for unauthorized use of a motor vehicle, a violation of La. Rev.Stat. 14:68.4, argues that there is insufficient evidence to support his conviction and that it was error for the trial judge to deny his motion to suppress his statements. After review of the record in light of the arguments of the parties and applicable law, we affirm the defendant’s conviction and sentence.
 

 Relevant Facts and Procedural History
 

 The defendant lived with Mia Anderson in her home for approximately seven years. Ms. Anderson owned two vehicles, a 2009 Armada and a 2003 Explorer. The defendant had no ownership interest in Ms. Anderson’s vehicles or home. On December 30, 2009, the relationship abruptly ended after Ms. Anderson’s 2009 Armada was found severely damaged near her home and the defendant admitted to a police officer that he had driven the vehicle and been involved in a hit and run accident.
 

 On February 24, 2010, the defendant was charged by bill of information with unauthorized use of Ms. Anderson’s vehicle. He pleaded not guilty at his arraignment on March 3, 2010. After a hearing on April 15, 2010, the trial judge denied the defendant’s motion to suppress his in-culpatory statement. A six-person Rjury found the defendant guilty as charged on July 6, 2010. On July 30, 2010, he was sentenced to serve one year at hard labor.
 
 [1]
 

 On August 26, 2011, the defendant was granted an out-of-time appeal.
 

 Assignment of Error: Sufficiency of the Evidence
 

 The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the state proved the essential elements beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On appeal, this court may impinge on the fact finder’s discretion and its role in determining the credibility of the witnesses “only to the extent necessary to guarantee the fundamental due process of law.”
 
 State v. Mussall,
 
 523 So.2d 1305, 1310 (La.1988). Accordingly, the relevant question before us is whether, on the evidence presented at trial,
 
 “any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 State v. Strother,
 
 2009-2357, p. 10 (La.10/22/10), 49 So.3d 372, 378 (quoting
 
 Jackson,
 
 443 U.S. at 319, 99 S.Ct. 2781). Absent internal contradiction or irreconcilable conflict with the physical evidence, a single witness’s testimony, if believed by the fact finder, is sufficient to support a factual conclusion.
 
 State v. Marshall,
 
 2004-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369 (citation omitted).
 

 La.Rev.Stat. 14:68.4 provides as follows:
 

 |SA. Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices,
 
 *751
 
 or representations, but without any intention to deprive the other of the motor vehicle permanently.
 

 B. Whoever commits the crime of unauthorized use of a motor vehicle shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years or both.
 

 Consent or permission to use a vehicle can be limited or revoked even after having been granted.
 
 See State v. Colbert,
 
 04-538 (La.App. 5 Cir. 11/30/04), 889 So.2d 1128 (rational fact finder could find unauthorized use where defendant took girlfriend’s vehicle with her permission but kept it for extended period of time without her permission).
 

 Thus, to sustain this conviction, the evidence must show that the defendant intentionally took or used the vehicle belonging to Ms. Anderson without her consent but without any intention to deprive her of the vehicle permanently. The defendant argues that there is no evidence that he did not have implied consent to use the vehicle because Ms. Anderson never specifically denied him permission to use her either of her vehicles and there is no evidence he had to ask for specific permission each time he used the older vehicle. Accordingly, he asserts he had the implied authority to use the newer vehicle or would have obtained express permission to do so if Ms. Anderson had not been sleeping and, thus, unable “to specifically give permission on this particular occasion.”
 

 The following evidence was adduced at trial. Ms. Anderson and the defendant went out on the evening of December 29, 2009, returning home at approximately 10:30 p.m. Ms. Anderson went to bed and the defendant watched television. At some point in the night, Ms. Anderson’s sister attempted to wake her to tell her the vehicle was missing. When Ms. Anderson woke up in the early ^morning hours of December 30, 2009, she recalled what her sister had said and looked outside to find that the Armada was no longer parked in the driveway. She asked the defendant, who was watching television in their bedroom, if he had moved it and he denied having done so. Believing her car had been stolen, she called 911.
 

 Officer Evan Walvoord of the New Orleans Police Department (NOPD) responded to the call. The defendant told Officer Walvoord that he had taken the keys to Ms. Anderson’s vehicle, driven the vehicle, been involved in a hit and run accident, and ultimately left the car parked at the corner of Monroe and Olive Streets, near Ms. Anderson’s home. Riding in the back of the police car, the defendant showed Officer Walvoord where the vehicle was parked. Ms. Anderson followed in another police car. The car was badly damaged on the passenger side and, subsequently, Ms. Anderson recovered the value of the vehicle from her insurance company.
 

 The defendant’s reliance on
 
 State v. Cojoe,
 
 2000-1856 (La.App. 4 Cir. 3/21/01), 785 So.2d 898, to support his argument that he had permission to use one of Ms. Anderson’s vehicles and, accordingly, because of their close personal relationship had the implied authority to use the other vehicle owned by her, is misplaced. In
 
 Cojoe,
 
 this court reversed a conviction for unauthorized use of the defendant’s father’s vehicle where the evidence showed that the defendant had keys to all his father’s vehicles and used them on occasion with or without his father’s permission and there was no evidence to show that the father had revoked the permission he had previously given his son. In this case, Ms. Anderson unequivocally testified that the defendant did not have her permission to use the vehicle at issue, conceding that the defendant was allowed use of her older
 
 *752
 
 |svehicle but “not the one that’s in question.” Moreover, Ms. Anderson testified that the defendant never told her that he had been driving her vehicle and had, in fact, specifically denied doing so when she asked. She admitted the defendant was not listed on her insurance policies but denied that, in order to receive compensation for the damaged vehicle, it was necessary to tell the insurance company that the defendant was driving without her permission.
 
 [2]
 
 Finally, Ms. Anderson testified that she did not give the defendant the keys to the vehicle, testimony corroborated by Officer Walvoord who stated that the defendant told him that he had taken the keys to the vehicle, not that he had a set for his own use.
 

 Despite extensive cross-examination about the insurance proceeds, the jury apparently found Ms. Anderson’s testimony credible. We do not find that the jury’s credibility determination is clearly contrary to the evidence and, accordingly, viewed in the light most favorable to the prosecution, a rational trier of fact could have found that the state proved the essential elements beyond a reasonable doubt. This assignment of error is without merit.
 

 Assignment of Error: Suppression of Statements
 

 The defendant argues that the trial judge erred in denying his motion to suppress the statements he made to Officer Walvoord because he made the statements after he became a suspect in the investigation but prior to being advised of his constitutional rights. In addition, he argues that the officer knew he had been drinking when he made the statements.
 

 Before a confession can be introduced into evidence, the State must affirmatively show that the statement was free and voluntary and “not made under | fithe influence of fear, duress, intimidation, menaces, threats, inducements or promises.” La.Rev.Stat. 15:451. The protections of
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are only applicable when a person is the subject of a custodial interrogation and, thus, an officer need not formally advise a person not in custody of his rights prior to taking the statement in order for his statement to be admissible at trial.
 
 State v. Watson,
 
 99-1448, pp. 18-19 (La.App. 4 Cir. 8/23/00), 774 So.2d 232, 242. Intoxication will render a statement inadmissible only when of such degree as to negate the defendant’s comprehension and render him unconscious of the consequences of his statement.
 
 See State v. Simmons,
 
 443 So.2d 512, 515-516 (La.1983). A trial judge’s ruling on whether or not a statement is voluntary is given great weight and will not be disturbed on appeal unless clearly unsupported by the evidence.
 
 State v. Vigne,
 
 2001-2940, p. 6 (La.6/21/02), 820 So.2d 533, 536.
 

 In this case, the trial judge found that the defendant’s statements were voluntary and not the result of a custodial interrogation. Given the officer’s testimony that the defendant was free to leave and not in custody, this determination is clearly not manifestly erroneous. Moreover, there is nothing in Officer Walvoord’s testimony at the motion hearing to suggest that the defendant was intoxicated to the point that it was noticeable or would have affected his ability to voluntarily speak with the officer; Officer Walvoord conceded that he could smell alcohol on the defendant’s
 
 *753
 
 breath but specifically stated that he did not know if the defendant was intoxicated or not and, thus, there is no evidence that the defendant was unable to comprehend the consequences of his voluntary statement. Ms. Anderson was not asked at trial if the defendant had been drinking or if he was intoxicated. She stated that they had gone out, that she had a couple of drinks, and 17that they returned home before 10:30 p.m. According to Ms. Anderson, while she went to bed, the defendant stayed up watching television and when she woke up he was there watching television. Thus, on the record before this Court, there is nothing to indicate that the defendant was too intoxicated to answer the officer’s questions voluntarily.
 

 This assignment of error lacks merit.
 

 Errors Patent
 

 A review of the record for errors patent reveals that there are none.
 

 Conclusion
 

 The defendant s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . That same day, the State filed a multiple bill of information charging the defendant as a fourth offender. Pursuant to a motion to quash filed by the defendant, the State was ordered to provide discovery to the defense in conjunction with the habitual offender proceedings. On December 13, 2010, the State filed a writ application seeking reversal of that order and this court granted the writ and reversed the trial court’s ruling.
 
 State v. White,
 
 2010-1735 (La.App. 4 Cir. 3/1/11),
 
 writ denied,
 
 2011-780 (La.5/27/11), 63 So.3d 997. The docket master of the Criminal District Court indicates that as of August 24, 2011, the multiple bill hearing was still pending, having been continued without date.
 

 [2]
 

 . Notably, although this would appear to be an issue of fact, the defense presented no evidence to impeach Ms. Anderson’s testimony that she received compensation for the vehicle based on her representation of unauthorized use of the vehicle.